FILED
SUPERIOR COURT
OF GUAM

2022 SEP 27 AM 11: 39

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSE ALVAREZ JR., <br><br> Plaintiff, <br><br> vs. <br><br> MARIA ELIZABETH ALVAREZ, <br><br> Defendant. | **Superior Court Case No. <u>DM0442-20</u>** <br><br> **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

In this divorce proceeding, Plaintiff Jose Alvarez, Jr. seeks a summary judgment ruling following the parties' mediation agreement. Upon review of the briefs, the Court determines that the agreement is enforceable and resolves all outstanding issues, and therefore, GRANTS Jose's Motion for Summary Judgment.

## I.   PROCEDURAL BACKGROUND

Citing irreconcilable differences, Jose sought a divorce from Defendant Maria E. Alvarez. V. Compl. Divorce (Dec. 17, 2020). Maria contested many of Jose's claims, including his listing of community property. *See* Answer at 3-4 (Jan. 15, 2021). She sought spousal support and separate maintenance as well as a division of the community property and debts. Answer at 5.

The parties engaged in mediation proceedings and signed an agreement. According to the agreement: (1) Jose would pay Maria a lump sum payment and her monthly rent payments for two years; and (2) Jose would keep Maria as a beneficiary on both his life insurance plan and his retirement fund. Mediator's Statement at 3 (Oct. 6, 2021).

Following the mediation agreement, Jose moved for summary judgment. Jose argues that the mediation resolved all of Maria's claims to community property. Mot. Summ. J. at 7 (May 11, 2022). Jose also claimed that the only reviewable issue remaining is the dissolution of marriage. Jose argues that this issue is ripe for summary judgment because he no longer loves or is in love with Maria; no longer lives nor wants to live with Maria; does not want to procreate with Maria; does not believe that there is a possibility of reconciliation; and does not want to remain a party in the marriage. *See* Mot. Summ. J.at 5. Maria counters that the parties have not agreed on whether to obtain a decree of divorce or a decree of permanent maintenance and have not agreed on the division of their respective government of Guam retirement accounts. *See* Opp. at 9 (June 3, 2022). Jose replies that not only does he have a right to obtain a divorce, but that the mediation resolved these issues. *See* Reply at 5 (June 21, 2022). Jose references the agreement's language, which includes a section identifying Jose's retirement benefits as a future benefit for Maria. *Id.* at 6. Moreover, Jose asserts that he does not present any claims to Maria's retirement account. *Id.* at 6.

## II.    UNDISPUTED FACTS

1. Jose does not lay claim to Maria's retirement account in any of the pleadings before the court. *See* V. Compl. Divorce and Decl. Pl. at 3 (May 11, 2022); *see also* Mot. and Reply.

2. In reporting the conclusion of the mediation, the mediation case coordinator called the session "productive and a success." Mediator's Statement at 2. Moreover, the case coordinator indicated that "[t]he parties reached a written agreement as to all or some of the claims" by marking the option with two "Xs." *Id.* at 1.

3. The agreement provides Maria with a lump sum payment for spousal support and future benefits from Jose's retirement account and life insurance. Mediator's Statement at 3.

4. Jose is no longer in love with Maria and finds no possibility of reconciliation. Decl. Pl. at 3. Maria offers no evidence to contradict Jose's statements.

## III.   LAW AND DISCUSSION

Jose sought summary judgment on the grounds that a mediation agreement has resolved this particular dispute. Under Guam Rule of Civil Procedure 56(c),[1] summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When a summary judgment motion is filed, the adverse party may not rely upon her allegations or denials, but must set forth in an affidavit specific facts showing a genuine issue for trial. GRCP 56(e). Summary judgment is proper only where there is no genuine "dispute as to any material fact." GRCP 56(c).

Jose's motion is also, in essence, a motion to enforce the Agreement. A trial court has the power to enforce a settlement agreement entered into by the litigants if the litigation is pending before it. *Sharrock v. McCoy*, 2016 Guam 7 at ¶ 74. The Court can also consider evidence of settlement negotiations in determining whether an enforceable agreement exists. *Nat. Union Fire Ins. Co. of Pittsburgh PA v. Cyfred, Ltd.*, 2015 Guam 7. The settlement agreement is interpreted to given effect to the parties' intentions at the time of contracting, taking into account the entire contract and its plain meaning. *Cruz v. Cruz*, 2022 Guam 7 ¶¶ 22-24.

Jose asserts that the mediation resulted in a full and complete settlement of Maria's claim to community property. In response, Maria asserts that the agreement addressed only certain payments, not including the division of the parties' respective retirement accounts. Nonetheless,

---

[1] This Decision and Order references the former version of Rule 56 in place at the time the motion was fully briefed and taken under advisement.

Maria concedes that the Agreement is clear and unambiguous with respect to community property not involving retirement benefits. Given this concession, the Court need not delve into a review of the division of any community property other than retirement benefits.

On the issue of retirement benefits, the Court reviews the plain language of the mediation agreement. The agreement first details spousal support for Maria, including a lump sum payment of $25,000 and a monthly payment of $880.00 for Maria's rent for two years. Mediator's Statement at 3. Next, the agreement states that Maria will remain a beneficiary on Jose's retirement and life insurance accounts. Mediator's Statement at 3.

Jose argues that the latter section of the agreement shows that the retirement benefits were negotiated and that the lump sum payment to Maria resulted from these negotiations. *See* Reply at 6. Despite the language "Retirement Fund," being included in the Agreement, Maria asserts that the respective retirement accounts "were not a part of the mediated settlement agreement." *See* Opp. at 8. However, the plain language of the Agreement does not support this position. The agreement resulted in Maria being named a beneficiary, specifically touching this particular marital asset in her favor. Even if the term "community property" is not explicitly stated in the Agreement, as Maria complains, she will receive this portion of community property--the only community property remaining at issue.

Having addressed the retirement benefits issue, the Court now turns to whether any other issue prevents the dissolution of the marriage. Guam law provides that "dissolution of marriage may be granted for . . . [i]rreconcilable differences." 19 GCA § 8203. Under Guam law, "irreconcilable differences" are "those differences which are determined by the Court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved." 19 GCA § 8219.

Jose offers evidence that irreconcilable differences exist as he does not love Maria nor want to live with her, and that the parties are unable to reconcile. Decl. Pl. at 3. Maria does not contradict these statements by offering other evidence. The fact of irreconcilable differences is therefore unrefuted and undisputed and Jose is entitled to a divorce on these grounds.

## IV.  CONCLUSION AND ORDER

The Court determines that the retirement benefits have been addressed through the Mediation as Maria signed the Mediation Agreement referencing how Jose's retirement fund would be distributed to her. Mediator's Statement at 3. Moreover, the Court determines that nothing else hinders the dissolution of the marriage. For these reasons, Jose's motion for summary judgment is GRANTED.

Jose is directed to submit a proposed interlocutory divorce decree and final divorce decree within thirty days of this Decision and Order.

SO ORDERED this 27th day of September 2022.

*Elyze Iriarte*

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*Berman Law Firm*
*Gumataotao & Pole*
Date: 9/27/22 Time: 11:47pm
*CM*
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Daniel J. Berman, Esq., Berman Law Firm, for Plaintiff Jose Alvarez Jr.
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Defendant
    Maria Elizabeth Alvarez